Clarence J. Henry, J.
This is a motion on behalf of the defendants, Metcalf and Eddy Engineers, for an order setting aside service of the summons herein, insofar as they are concerned, on the ground that they were not properly served under the provisions of section 229-b of the Civil Practice Act.
No complaint has yet appeared in the action.
*676 Affidavits submitted by these defendants describe them as a Massachusetts partnership and establish their principal place of business in the City of Boston, Massachusetts; admit that the summons in the action was served (on Sept. 13, 1961) upon an employee who was then in charge of certain business they were conducting in this State; and further claim (1) that no copy of the complaint was served upon the employee with the summons, (2) that no copy of the summons and complaint, together with a notice of service upon the employee was ever received by the defendants, by registered mail or otherwise, and (3) that an affidavit of compliance with the foregoing, together with a copy of the summons and complaint and registered mail return receipt (or refusal notation) was not filed with the Monroe County Clerk, as Clerk of the forum. All three of the numbered items are, of course, required by section 229-b to effect service upon nonresident individuals (including those joined in partnership) who are engaged in doing business in this State; excluding, of course, nonresident individuals so engaged, who have been personally served within the State — a situation negatived by the affidavits.
The plaintiff, not disputing the manner of service as outlined, counters, during the oral argument, with the contention that the service was good under section 229 — on the ground that the moving defendants are actually a Massachusetts corporation doing business in this State, and that service was effected within this State upon a corporate official listed in subdivisions 1 or 3 of that section. A certified copy of a certificate of incorporation of ‘ ‘ Metcalf and Eddy, Inc. ’ ’, as of March 30, 1959, filed in the office of the Secretary of the Commonwealth of Massachusetts, is presented in- support thereof.
The countercontention cannot save the service, and the motion to set it aside must be granted.
The defendants’ affidavit alleges that they are a partnership, existing in Massachusetts under the firm name of “ Metcalf & Eddy ’ ’ and that, as such, they were doing business in the State of New York on the date the claimed cause of action arose. The certificate of incorporation indicates that a corporation under the name of “Metcalf & Eddy, Inc.” - was extant in Massachusetts at the same time, but the certificate does not necessarily negate the existence of the partnership, nor make the two one and the same. Under the law of Massachusetts a name adopted by a corportion must “ indicate * * * that it is a corporation ” (Ann. Laws of Mass., ch. 155, § 9), and thus “ Metcalf & Eddy Engineers ”, as it appears in the summons does not and could not describe the corporate entity. As neither *677 the claim of existence of the partnership nor the claim of existence of the corporation is contradicted, the conclusion must follow that both existed. Under these circumstances it could not be said that a misnomer occurred, which could be corrected pursuant to a motion to correct the summons under section 105 (cf. Sperry Rand Corp. v. Pyramid Crane Co., 19 Misc 2d 916) — had one been made. On the state of the papers before me there are two distinct legal entities. The plaintiff has chosen to institute its action against one of them, “Metcalf & Eddy Engineers” [sic], a name which does not describe the corporate entity but which could fit the individuals of the partnership, who, it appears, from their uncontradicted affidavit, were the entities actually doing business in this State. The plaintiff, as nomenclátor in the action, has selected the presumably existing partnership as defendant and, vernacularly, having “called the shot”, is, under the above conditions, bound by it. A summons ‘ ‘ must state * * * the names of the parties ” and, in statutory form, must be directed “ To the above named defendant[s) ” (Rules Civ. Prac., rule 45). It cannot be said that the corporation was fairly apprised of the commencement of an action against it. The service of the summons, therefore, being in an action against the partnership, was bad for the reasons complained of by the latter (above set forth).
Even if a reasonable conclusion of misnomer could be reached, the service was still possessed of an infirmity. An affidavit of the served employee contains an allegation eliminating bim from any of the official corporate capacities listed in subdivisions 1 and 3 of section 229 of the Civil Practice Act. Uncontradicted, it removes him as one upon whom effective service of process may be achieved within this State in an action against a foreign corporation. Moreover, the requirements of subdivision 2, condition precedent to the operation of subdivision 3, were not fulfilled. Proper service upon a foreign corporation was, therefore, not accomplished. Motion granted, with $10 costs.